■ In the Matter of JILL A. DUNN, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [974 NYS2d 643]—

Per Curiam.

Respondent was admitted to practice by this Court in 1994. She maintained an office for the practice of law in the City of Albany.

By decision dated July 20, 2011, the United States District Court for the Northern District of New York found that respondent knowingly and in bad faith falsely stated in a declaration filed September 3, 2010 that she was unaware of the existence of a private annuity agreement, the existence of which was critical to issues before the court, until it was provided to her on July 27, 2010 (*Securities & Exch. Commn. v Smith*, 798 F Supp 2d 412 [2011], *affd in part, dismissed in part S.E.C. v. Smith*, 710 F3d 87 [2013]). In the decision, the Magistrate Judge imposed sanctions on respondent pursuant to Federal Rules of Civil Procedure rule 11, 28 USC § 1927 and the inherent power of the court. He directed her to disgorge certain fees, publicly admonished her, and directed the clerk to forward a copy of his decision to petitioner (798 F Supp 2d at 441-442).

Based on the federal court's decision, petitioner charged that respondent engaged in fraudulent conduct prejudicial to the administration of justice adversely reflecting on her fitness as a lawyer by making false statements under oath in written declarations filed in the federal court, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3 (a) (1) and 8.4 (c), (d) and (h). By subsequent confidential decision, this Court found that the doctrine of collateral estoppel was properly applied to preclude relitigation of the findings of the Magistrate Judge, and we granted petitioner's motion for an order declaring that no factual issues were raised (see 22 NYCRR 806.5). We further found respondent guilty of the charged professional misconduct and directed the Clerk of the Court to set a time at which respondent may be heard in mitigation.

Having now heard respondent in mitigation, and giving due regard to the sanction imposed by the Magistrate Judge, i.e., admonishment, respondent's otherwise unblemished disciplinary record, and her commendable professional reputation, as evidenced by the letters submitted in her behalf by colleagues, we determine that censure is the appropriate discipline herein.

Rose, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged in the petition; and it is further ordered that respondent is hereby censured.